CALDERÓN ET AL. *v.* GARCÍA.

APPEAL from the District Court of San Juan.

No. 181.—Decided May 9, 1908.

PROCEEDINGS TO ESTABLISH OWNERSHIP—CONTRADICTORY TESTIMONY—FINDINGS UPON THE SAME.—The judge of the trial court who presides at the trial, hears the arguments, sees and hears the witnesses, must reconcile the conflict in the evidence when the testimony of the witnesses is contradictory in respect to the area and the boundaries of the property.

ID.—JUDGMENT IN PROCEEDINGS TO ESTABLISH OWNERSHIP—NATURE THEREOF.— The doctrine that judgments rendered in proceedings to establish ownership are not *res adjudicata* does not require that such judgments and the records thereof should not be regarded as public instruments.

ID.—OPPOSITION TO PROCEEDINGS TO ESTABLISH OWNERSHIP—BURDEN OF PROOF.— The petitioner in proceedings to establish ownership is only required to prove the facts alleged in the application, showing his ownership, and a party contesting the proceedings on the ground that the property, the ownership of which petitioner seeks to establish, formed an integral part of his own property, must prove his allegation.

ID.—CITATION OF THE PERSONS FROM WHOM OWNERSHIP WAS REQUIRED.—It is an essential requisite in proceedings to establish ownership required by the provisions of article 395 of the Mortgage Law (which was not repealed by judicial order of April 7, 1899), that the person from whom the property was acquired, or his predecessor in interest, if known, should be cited, and this requirement appears to have been complied with in this case, the appellant having failed to show the contrary.

ID.—CITATION OF PREDECESSORS IN INTEREST.—Where the title of acquisition relied upon is a title of inheritance, it is sufficient to cite the predecessors in interest of the persons from whom the property was acquired by inheritance.

The facts are stated in the opinion.

Mr. *Méndez Vaz* for appellant.

Mr. *Bosch* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

In these proceedings instituted in the District Court of San Juan by Nicolasa, Paula and Ventura Calderón Verdejo, Canuto, Antolina, Vicente, Elias and Antonio Calderón Andino, Damasa and Ursula Isaac Calderón, to establish the ownership of a rural estate, said court delivered the following opinion:

"Nicolasa Calderón and others, lacking a written title, filed a petition in this court applying for an investigation and declaration of ownership for the purpose of permitting the record in the registry of property, of the following estate:

"Rural estate consisting of 20 hectares, 79 ares, 92.88 centares, equivalent to 50.97 *cuerdas*, situated in the *barrio* of Santurce, in the municipal district of San Juan, bounded on the north by the north seacoast, on the south by property belonging to Antolina Calderón, Pablo Andino, Victorio Rodríguez, Remigio París and Francisco Rosario, Jesús Andino, Celedonio and Valentín Verdejo and Francisca García; on the east, by property of Julián Andino and Miguel Tanco, and on the west, by property of Ceferino del Valle.

"They alleged that they had acquired said estate by inheritance from Juan Eusebio Calderón, and his wife María Venancia Verdejo, who had died more than 20 years previously, describing the shares

pertaining to each and the way they acquired them, and they obtained from the court an order directing that the petition should be acted on in accordance with the provisions of the Mortgage Law, which were observed, and Francisca García Macías appeared in opposition to the declaration of ownership sought by the petitioners, within the period fixed in the notices.

"The complaint in opposition is based on the allegation that the petitioners are not the owners of the estate they describe in their initial petition; that the southern boundary with the property of the opposing party is not correct, and that they have not held possession as owners. Briefly, that Francisca García Macías, by virtue of purchase executed in the years 1895 and 1896, is the owner of an estate in the *barrio* of Santurce, in San Juan, called Machuchal, bounded on the north by the sea; on the south, by the Seburoco swamp; on the east, by lands belonging to Toribio García, which had formerly belonged to the Royal Treasury; and on the west, by property belonging to Juan Pablo Clemente; and inasmuch as she owned under such titles the estate bounded on the north by the sea, the declaration of ownership sought should be denied, because as the land in question was stated to be bounded on the north by the sea and on the south by property belonging to the opposing party, it was situated within lands belonging to her.

"The fact that the titles of Francisca García state that her estate is bounded by the sea, is not sufficient to prejudice the petitioners, who had no intervention in said documents, because notwithstanding such fact, there may be another estate also bounded by the waters of the Caribbean Sea. A demonstration of this is that, according to the documentary evidence the registry of property contains the record of proceedings relating to the ownership on an estate belonging to Julián Andino and Miguel Tanco, in the *barrio* of Machuchal, which is not only bounded on the north by the sea, but also on the south by property belonging to Francisca García Macías, while bounded on the west by property of the Estate of Calderón—that is to say, the petitioners in these proceedings.

"And admitting the presumption that the proceedings to establish ownership instituted by Julián Andino and Miguel Tanco, when approved, were so approved because the provisions of law had been observed, and, therefore, that Francisca García had been summoned as an adjoining owner, which she was, and that she made no objection, or if she did, that it was overruled, until this presumption be removed, it must be accepted that she admitted that there is an estate to the north of hers, adjoining the Estate of Calderón and bounded on the

north by the sea, this being evidence of the fact that her estate of 200 *cuerdas* may be bounded by the sea, and the same occur with respect to others which are situated to the north of hers, without such fact meaning that they have encroached on her lands.

"There is another estate recorded in the registry of property, belonging to Raimunda Fuertes, with an area of 15 *cuerdas,* under proceedings to establish ownership, to which the same presumption of law and its consequences are applicable, which shows that to the north of the estate to which it relates is situated the property of the Estate of Calderón and to the east of such estate, the property of Francisca García.

"The new fact, as stated, of the estate of Francisca García being bounded by the sea according to her deed, is not an obstacle to another estate also being bounded thereby; and since she has filed a complaint in opposition to the proceedings to establish ownership on the ground that the estate to which the Calderóns refer constitutes land belonging to her estate, she was obliged to prove this allegation, being the material one of her complaint, it being sufficient in proceedings of this character that the persons seeking the declaration of ownership prove that they possess the estate, the subject of their claim and the manner in which they acquired it, when this is necessary on account of the ordinary prescription of ownership being involved.

'The testimony of the witness has shown that the estate, the subject of the proceedings, came from parents to children and grandchildren, and has been possessed continuously for 30 years without interruption, which term is fixed by the law for the acquisition of ownership, even though it be without a title and without good faith.

"Consequently, the opposition of Francisca García Macías should be dismissed and the ownership declared.

"San Juan, P. R., May 27, 1907. (Signed) Pedro de Aldrey, Judge."

The petitioners alleged in their initial petition in the proceedings that they are the owners of the real property described in the above opinion, by inheritance from Juan Eusebio Calderon and his wife, María Venancia Verdejo, who had died more than 20 years previously, of whom Nicolasa, Paula and Ventura Calderón Verdejo are children, Canuto, Antolina, Vicente, Elias and Antonio Calderón Andino, grandchildren, as the children of Lorenzo Calderón Verdejo de-

ceased, and Damasa and Ursula Isaac Calderón Verdejo, deceased, and Damasa and Ursula Isaac Calderón, great-granddaughters, as the daughters of Francisco Calderón Andino, deceased, and granddaughters of Lorenzo Calderón Verdejo, consequently Nicolasa, Paula and Ventura Calderón Verdejo each owns one-fourth interest in the real property in question, Canuto, Antolina, Vicente, Elias and Antonio Calderón Andino, each one-sixth of one-fourth of said real property, and Damasa and Ursula Isaac Calderón, each one-twelfth of one-fourth of said real property, which all of them have possessed as owners, quietly and peacefully without opposition on the part of any one, and in good faith, paying the taxes thereon, for which reason they prayed for the admission of the evidence of ownership offered, the citation of the adjoining owners as also of any persons who might consider themselves the successors of the persons from whom the said shares had been derived, who were Juan Eusebio Calderón and Venancia Verdejo, Lorenzo Calderón Verdejo and Francisco Calderón Andino, notices to be published in the form prescribed by law, and that after having heard the witnesses who may be presented, it be held that the ownership of the real property in the portions aforementioned, has been definitely established.

Francisca García Maciás opposed the said petition, specifically denying that the estate to which the petitioners refer is bounded on the south by property belonging to her, Francisca García Maciás, or that the petitioners had acquired it by inheritance from Juan Eusebio Calderón and his wife, María Venancia Verdejo, or had possessed it as owners quietly and peacefully, without opposition on the part of any one, and in good faith, paying the proper taxes. Francisca García further alleged that the petitioners had not properly shown the consideration under which the alleged ownership was acquired, and that she is the owner of a rural estate situated in the *barrio* of Santurce of this capital, known by the name of Machuchal, having an area of 200 *cuerdas* more or less, equivalent to 78 hectares, 60 ares, and 79 centares, bounded on the

north· by the sea, on the south by the Seboruco swamp, on the east by lands belonging to Toribio Rodríguez, which had formerly belonged to the Royal Treasury, and on the west by lands belonging to Juan Pablo Clemente, having acquired said estate by public deeds of March 21, 1895, and July 9, 1896, recorded in the registry of property, and that she as well as the previous owners had possessed it quietly and peacefully, without the slightest dispute ever having occurred in respect to any part thereof. She closed with the prayer that the petition in the proceedings to establish ownership be dismissed, and that her ownership of the estate in question be respected, with the costs against the adverse party.

The proceedings having been prosecuted in accordance with the provision of the Mortgage Law, the court held that the facts and the law were in favor of the petitioners and against the opposition brought by Francisca García Macías, the former being entitled to a judgment directing that an order issue containing the proper requisites to permit of its record in the registry of property, holding that the petitioners have established the ownership by possession for more than 30 years of the estate they describe in their initial petition in the proceedings, and that the opposition to such declaration of ownership made by Francisca García Macías should be dismissed, with costs.

In accordance with the foregoing decision and the opinion transcribed, the court rendered judgment on May 31 of last year, entered on the following 4th of June, reading as follows:

*Judgment.*—On the 25th day of October, 1907, in open court, this case was called for the presentation and hearing of the evidence prescribed by the Mortgage Law, the parties appearing through their counsel, who announced that they were ready to proceed. Thereupon the plaintiff submitted her evidence which was heard, being followed by the defendants. Finally, the parties filed their respective briefs.

"And the court, taking into consideration the petition for a declaration of ownership in this case, the complaint in opposition, and the evidence and briefs referred to, holds that the facts and the law

are in favor of the petitioners and against the opposing party, and that the opposition to the declaration of ownership sought by said petitioners to a rural estate consisting of 20 hectares, 79 ares, 92.88 centares, equivalent to 50.97 *cuerdas* situated in the *barrio* of Santurce in the municipal district of San Juan, bounded on the north by the sea, on the south by property of Antolina Calderón, Pablo Adino, Victorio Rodríguez, Remigio París, Francisco Rosario, Jesús Andino, Celedonio and Valentín Verdejo and Francisca García; on the east by property of Julián Andino and Miguel Tanco and on the west by property of Ceferino del Valle, should and must be dismissed, the petitioners above mentioned being entitled to have the ownership of the described estate declared in their favor. The costs are taxed against the opposing party, and the secretary will issue execution.

"Pronounced in open court this 31st day of May, 1907, in conformity with the opinion rendered which will be attached to the record of the case.

"Entered this 4th day of June, 1907, as of the first of said month and year when it should have been entered according to the law. (Signed) Pedro de Aldrey, Judge of the First Section. Attest: José E. Figueras, Secretary."

An appeal was taken from this judgment, the notice of which was filed on the 15th of said month of June by counsel for Francisca García Macías, and the transcript of the record transmitted to this Supreme Court for the decision of appeal, contains a statement of facts approved and signed by the judge.

Both parties filed briefs in this Supreme Court and made their respective oral arguments at the hearing.

Counsel for the appellant alleges the following grounds in support of the appeal:

"1. That the court committed an error of law in holding that the ownership of the real property in question had been established, even aside from the opposition of Francisca García, because testimony of the witnesses examined is conflicting as to the area of boundaries of said estate, being in addition confused and insufficient to establish the ownership sought, and, on the other hand, the proceedings had were defective and null and void from the beginning in that the

persons from whom Eusebio Calderón and Venancia Verdejo acquired the real property, were not cited.

"2. That the court committed an error of law in dismissing the opposition of Francisca García, because the two public deeds of March 21, 1895, and July 9, 1896, show, in an unequivocal manner, that the estate of Francisca García is bounded on the north by the sea, and by the dismissal of her opposition, she is deprived of what legally belongs to her under titles recorded in the registry of property, the judge thus violating the provisions of sections 71 and 94 of the act regulating the introduction of evidence, 1186 of the Civil Code, and article 25 of the Mortgage Law, in affirming that owing to the fact of the respondents not having taken part in the deeds upon which Francisca García bases her ownership, they cannot be prejudiced by the boundaries which such deeds and the registry show.

"3. That the judge committed an error of law in giving a probatory force and value which they do not have to the two certificates issued by the Registrar of Property of San Juan relating to the records of two proceedings to establish ownership instituted by Raimunda Fuertes et al, and by Julian Andino and Miguel Tanco, because decisions rendered in proceedings to establish ownership of real property do not partake of the character, of *res judicata* and consequently are not final, and an application may be made to set them aside even after the admission of the record of ownership in the registry of property, by the institution of an action for recovery.

"4. That the court committed an error of law in holding that the burden of the proof that the estate claimed by the petitioners formed part of that of Francisca García was on the latter, and in not holding that it devolved on the respondents to prove that two different estates were involved, thus violating the provisions of section 108 of the act to regulate the introduction of evidence.

Let us examnie the legal grounds on which the appeal is based.

In the first place it is advisable to note that the petitioners base the ownership of their shares in the rural estate to which the proceedings relate, upon quiet, peaceful and continued possession for a period of more than 20 years, in good faith and under a title of inheritance with respect to such shares.

The lower court considering as a whole all the evidence, oral and written, introduced in the proceedings by both parties held not only that the fundamental title of the ownership of the estate in question had been established, but also continued uninterrupted possession thereof for more than 30 years, under the same metes and bounds described in the initial petition in these proceedings.

This finding is supported by the testimony of the witnesses examined and their testimony was conflicting as to the area and boundaries of the estate—if their statements were confusing—it devolved on the judge of the lower court, who presided over the discussions, who saw and heard the witnesses, to reconcile the conflict, which he did in favor of the petitioners.

The deeds presented by Francisca García establishing her ownership of an estate which is bounded on the north by the sea, do not destroy the testimony of the witnesses relating to the ownership of the estate of the petitioners, and, furthermore in our opinion, they do not even contradict it, because for this purpose it would have been necessary that the estate of Francisca García should have been bounded on the north by the sea only along the northern boundary of the other estate, and not along any other part, a point which has not been established or even alleged in this exclusive sense by the opposing party, Francisca García. Instead the two certificates of record, issued by the Registrar of Property of San Juan, relating to the record of two proceedings to establish ownership instituted by Raimundo Fuertes et al. and by Julián Andino and Miguel Tanco, the former relating to an estate situ-

ated in the so-called Machuchal district of the *barrio* of San-
turce, bounded on the north by property of the Estate of
Calderón, on the south, by property belonging to Francisca
Martinó, on the east, by property of Francisca García, and on
the west, by property of Luciano Canales, and the latter re-
lating to another estate situated in the district called Punta
de las Marías, *barrio* of Santurce, bounded on the north by the
sea, on the south by property of Francisca García, on the
east by property of Isidora Dias and on the west by prop-
erty of the Estate of Calderón, are *prima facie* evidence, un-
less the nullity of such records be shown, that the estate of
Francisca García could very well be bounded on the north by
the sea, and that other estates such as that of the petitioners
could be similarly bounded, without encroaching on the prop-
erty of Francisca García.

The judge has not violated the provisions of sections 71
and 94 of the act regulating the introduction of evidence, sec-
tion 1186 of the Civil Code and article 25 of the Mortgage
Law, as alleged by the appellant, because the probatory force
which the Civil Code and the act regulating the introduction
of evidence gives to the public documents submitted by Fran-
cisca García has not been denied, nor the effects under the
Mortgage Law of deeds recorded in the registry of property
with respect to third persons. The alleged violation is based
on an assumption which is not supported by the record—that
is to say, that the northern boundary of the estate of Fran-
cisca García is identical to the northern boundary of the es-
tate of the petitioners, a point which, as we have said before,
has neither been established nor alleged.

We admit that judgments rendered in proceedings to es-
tablish ownership, which belong to voluntary jurisdiction, do
not produce the effect of *res judicata,* and we so held in the
opinion of this Supreme Court of April 25, 1906; but this
doctrine is not an obstacle to such judgments and the record
thereof constituting a public document, as any other of that

class sanctioned by law, unless set aside in the proper proceedings.

The allegation of the appellant that the court committed an error of law in holding that the burden of the proof that the estate of the petitioners formed part of the estate of Francisca García, was on the latter, and in not holding that it devolved on the respondents to prove that two different estates were in question, appears to us to be groundless, because it was incumbent on the petitioners to prove only the facts they alleged in support of the ownership they claim, as they did, and if Francisca García opposed the proceedings to establish ownership on the more or less express ground that the estate of the petitioners formed an integral part of hers, it was incumbent on her to prove it in accordance with the provisions of said section 108 of the act to regulate the introduction of evidence, alleged to have been violated.

It is alleged, and such allegation constitutes the principal ground of the appeal, that the proceedings instituted contain an initial defect in procedure, which absolutely avoids them, such defect consisting in the failure to summon the persons from whom Eusebio Calderón an Venancia Verdejo acquired the estate in question, or if they were dead, their successors.

Article 395 of the Mortgage Law prescribes the formalities to be observed by a person seeking to establish ownership, in the absence of a written deed, and among these formalities we will transcribe the following as relevant to the question at issue:

"1. He shall present to the judge of first instance of the subdistrict in which the estates are located, or to be the one in whose district the principal part thereof is located, if it is an estate situated in various subdistricts, explaining the manner in which he acquired them, and the legal proofs which he can offer of said acquisition, and requesting that, with the citation of the person from whom said property was acquired or his legal representative, and of the department of public prosecution, the proofs mentioned be admitted and his right declared.

"2. That the judge shall give a copy of this document to the department of public prosecution, shall cite the person from whom the property was acquired or his legal representative, should he be known, and the persons who have any property right in said property; he shall admit all the pertinent proofs which may be offered by the claimant, by the interested persons cited, or by the department of public prosecution, within the period of 180 days, and he shall issue a call for the unknown persons whom the desired record might prejudice, by means of proclamations posted in public places, and which shall be published three times in the official papers of the proper colony, so that they may appear, if they desire to substantiate their claim.

"If the person to be cited should be absent, the procedure established for citations in rule number 5 of article 391 shall be pursued."

These rules were amended by Judicial Order of April 7, 1899, but suffered no change in the point the subject of discussion, and therefore, now as before, it is a rule of procedure in proceedings to establish ownership, to summon the person from whom the property was derived, or his predecessor in interest, if known.

In this case this rule has been properly applied by the petitioners requesting as they did the citation of the persons considering themselves the successors of the persons from whom the shares of ownership of the real property in question were derived—that is to say, Juan Eusebio Calderón and Venancia Verdejo, Lorenzo Calderón Verdejo and Francisco Calderón Andino—which citation we must assume was made, as the appellant does not establish, or even allege, that it was not.

Now then, the petitioners allege in the initial petition in the proceedings, that they acquired the estate under a title of inheritance more than 20 years ago, and that they have been in possession of the same quietly and peacefully, in good faith and without opposition on the part of anyone; hence, prescription is alleged as a title to acquire ownership by compliance with all the requisites prescribed by sections 1841 and

1842 of the Civil Code—that is to say, a proper title, good faith and possession as owner, publicly and uninterrupted for the time prescribed by the law.

The petitioners acquired their respective shares, as they explain, some from Juan Eusebio Calderón and María Venancia Verdejo, others from Lorenzo Calderón Verdejo, and others from Francisca Calderón Andino, all of them by inheritance; and, therefore, it is evident that the shares of ownership are derived from Juan Eusebio Calderón and María Venancia Verdejo, from Lorenzo Calderón Verdejo and Francisco Calderón Andino, the citation having been requested, by reason of the death of the latter, of the persons who considered themselves to be their successors.

As in this case the title of the acquisition alleged was inheritance, the citation of the successors in interest of the persons from whom such property was derived by inheritance, was sufficient, because the petitioners did not have any need of availing themselves for acquiring the ownership by prescription of the time which the predecessors in interest of Juan Eusebio Calderón and Venancia Verdejo had possesion of the estate in question.

And it cannot be said that in requesting the citation of the successors of the person from whom the shares of ownership were derived, that the petitioners themselves were cited, under the legal fiction that the predecessor in interest and the heir are one and the same person, because it could very well have happened that there were persons who believed themselves entitled to the estate of Eusebio Calderón and Venancia Verdejo, Lorenzo Calderón Verdejo and Francisco Calderón y Andino, and they undoubtedly would be interested in the citation requested.

The allegation which we have examined was not made by Francisca García in the first instance, but in this Supreme Court, and owing to its importance, as a material defect in procedure is involved, we wished to examine and discuss it.

In view of the foregoing, the judgment appealed from should be affirmed with the costs against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.